IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LAMAR BURKS, <br> TDCJ-CID NO.1011723, <br> Petitioner, <br><br> v. <br><br> RICK THALER, <br> Respondent. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | CIVIL ACTION H-10-1809 |

<u>ORDER</u>

On May 18, 2010, petitioner Lamar Burks, a state inmate proceeding *pro se*, sought federal habeas corpus relief in this case pursuant to 28 U.S.C. § 2254 to challenge a state court felony conviction. (Docket Entry No.1). On June 15, 2010, the Court dismissed the petition without prejudice for non-exhaustion. (Docket Entry No.4). While the case was pending on appeal, exhaustion was achieved when the Texas Court of Criminal Appeals denied relief on petitioner's state habeas application. (Docket Entry No.23). Meanwhile, petitioner filed a second federal habeas petition on September 23, 2010. See <u>Burks v. Thaler</u>, Civil Action No.H-10-3435 (S.D. Tex. July 25, 2011). On April 11, 2011, the Fifth Circuit vacated the judgment in the instant case and remanded it for further proceedings. (Docket Entry No.15). Because his second federal habeas petition was pending, petitioner moved voluntarily to dismiss the instant case. (Docket Entry No.19). On June 27, 2011, the Court granted petitioner's Motion for Voluntary Dismissal and dismissed the instant action. (Docket Entry No.20).

On July 25, 2011, the Court denied petitioner's second federal habeas petition on the merits. Civil Action No.H-10-3435 at Docket Entry No.36. The Fifth Circuit denied a certificate of appealability from that judgment. Id. at Docket Entry No.48. Thereafter, petitioner filed a motion for relief from that judgment, which the Court denied on January 18, 2013. Id. at Docket Entry No.54. Petitioner's appeal from the Order denying relief from judgment in Civil Action No.H-10-3435 is presently pending in the court of appeals. Id. at Docket Entry No.55.

Petitioner has now filed in the instant case, which was dismissed on Plaintiff's motion on June 27, 2011, a "Motion to Reinstate Appellate Jurisdiction Over the Original Denial of Habeas Relief Pursuant to Federal Rules of Civil Procedure 60(b)" (Docket Entry No.23), and an "Amended Motion to Reinstate Appellate Jurisdiction Over the Original Denial of Habeas Relief Pursuant to the Federal Rules of Civil Procedure 60(b); and Request for Post-Conviction DNA Testing 18 U.S.C. § 3600." (Docket Entry No.24). In the first Motion, petitioner seeks to reinstate the instant habeas action because the Court in Civil Action No.H-10-3435 did not address one ground for relief that he raised in an amended pleading. (Docket Entry No.23). In his Amended Motion, petitioner seeks reinstatement to address whether certain officials offered perjured testimony to obtain his conviction. (Docket Entry No.24). Petitioner contends that co-defendant Clayton Brown's affidavits,

2

which exonerate petitioner, led to an FBI investigation of these officials. Petitioner also requests federal post-conviction DNA testing to support this ground. (Id.). The Court will deny these motions for the reasons to follow.

A district court may relieve a party from final judgment under Rule 60(b) on the basis of (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud, misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; or (6) any other reason justifying relief from the operation of the judgment. FED. R. CIV. P. 60(b).

Petitioner may not seek relief under the first three grounds because more than a year has expired from the dismissal of his federal habeas petition. See FED. R. CIV. P. 60(c)(1). Petitioner does not seek relief under the fourth or fifth grounds of Rule 60(b). He does not allege that the judgment in this case is void or that it has been satisfied, released, or discharged. Therefore, the Court concludes that petitioner seeks relief under Rule 60(b)(6). A Rule 60(b)(6) motion "'will be granted only if extraordinary circumstances are present.'" Hess v. Cockrell, 281 F.3d 212, 216 (5th Cir. 2002) (quoting Batts v. Tow-Motor Forklift Co., 66 F.3d 743, 747 (5th Cir. 1995).

3

In this case, petitioner's motions do not present extraordinary circumstances that would warrant relief from an order granting a voluntary dismissal. In this action, the first filed habeas case, the Court did not address on the merits any ground raised by petitioner nor dismiss the case on procedural grounds; instead, the Court simply dismissed the petition upon petitioner's own motion. The grounds that petitioner now seeks to litigate upon reinstatement were addressed in Civil Action No.4:10-3435 and its subsequent appeals. To grant petitioner relief in this case would be to avail him of a "second bite of the apple" on issues that were previously addressed by the parties and this Court. See ABC Asphalt, Inc. v. Credit Alliance Corp., 56 F.3d 1384, slip opinion at *5 (5th Cir. 1995) (not designated for publication). Accordingly, petitioner's "Motion to Reinstate Appellate Jurisdiction Over the Original Denial of Habeas Relief Pursuant to Federal Rules of Civil Procedure 60(b)" (Docket Entry No.23), and "Amended Motion to Reinstate Appellate Jurisdiction Over the Original Denial of Habeas Relief Pursuant to the Federal Rules of Civil Procedure 60(b); and Request for Post-Conviction DNA Testing 18 U.S.C. § 3600" (Docket Entry No.24) are DENIED.

The Clerk will provide copies of this Order to the parties.

SIGNED at Houston, Texas on ___May 1___, 2013.

EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE